# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PREMISE HEALTH HOLDING
CORP.,

                Plaintiff,

v.                                          Case No:   6:21-cv-2166-WWB-LHP

ERICA L. THOMAS,

                Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PREMISE HEALTH HOLDING CORP.'S SHORT-FORM MOTION TO COMPEL (Doc. No. 65)** |
| **FILED:** | **January 6, 2023** |
| | |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **PREMISE HEALTH HOLDING CORP.'S MOTION FOR EXTENSION OF TIME TO DISCLOSE REBUTTAL EXPERT (Doc. No. 66)** |
| **FILED:** | **January 9, 2023** |

THEREON it is **ORDERED** that the motion is **GRANTED**.

## I.    INTRODUCTION

Plaintiff Premise Health Holding Corp. ("Premise Health") initiated this action against Defendant Erica L. Thomas ("Thomas") on December 28, 2021, alleging that Thomas, a former employee of Premise Health, misappropriated Premise Health's trade secrets.   Doc. No. 1.   In the amended complaint, the operative pleading in this case, Premise Health asserts the following claims against Thomas: violation of the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 et seq. (Count I), violation of the Florida Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. § 688.001 et seq. (Count II), and breach of duty of loyalty (Count III).   Doc. No. 13, at 12-17.   Thomas answered the amended complaint on February 7, 2022, asserting a counterclaim of tortious interference.   Doc. No. 18.[1]

Pursuant to the Case Management and Scheduling Order ("CMSO"), the deadline for Premise Health to disclose its expert reports was November 28, 2022, and the deadline for Thomas to disclose her expert reports was December 28, 2022. Doc. No. 43, at 1.   And pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii), Premise Health's deadline to disclose any rebuttal expert reports is 30 days after the

---

[1] Thomas originally also asserted a claim for defamation, but that claim was dismissed without prejudice and Thomas did not replead.   Doc. No. 60.   *See also* Doc. No. 64.

disclosure of Thomas' expert reports.   Discovery closes on June 30, 2023.   Doc. No. 43, at 1.

On December 12, 2022, Thomas timely-disclosed an expert, Richard D. Connor, Jr.   Doc. No. 65-1.   Connor was engaged for the limited purpose of analyzing Thomas' personal laptop to identify the following:   (1) the date and time that Thomas sent and received two emails with attached spreadsheets; (2) how long the spreadsheets were attached to the emails; (3) whether Thomas did anything to access, review, and/or extract information from the spreadsheets; (4) whether Thomas transferred the spreadsheets to any third parties; (5) whether Thomas deleted the spreadsheets; and (6) whether Thomas still has access to the spreadsheets.   Doc. No. 67, at 1-2.   In order to prepare his expert report, Connor performed the following examination and analysis: (a) "Forensically imaged laptop hard drive," and (b) "Examined and analyzed hard drive forensic image to determine if there is any data related to the two emails."   Doc. No. 65-1, at 4.

When Thomas disclosed the expert report, she did not provide Premise Health with a copy of the hard drive forensic image that Connor examined and analyzed.   Doc. No. 65, at 1.   Premise Health requested a copy of the forensic image so that it could prepare a rebuttal expert report.   *See generally* Doc. No. 65-2. However, after engaging in extensive conferral efforts – several of which are memorialized in attached emails – the parties have been unable to reach agreement

on whether the hard drive forensic image will be provided to Premise Health.   *See id.*   As a result, Premise Health has filed the present motions seeking to compel production of the hard drive forensic image pursuant to Federal Rule of Civil Procedure 26(a)(2) (Doc. No. 65), and to extend by 30 days the deadline for submitting its rebuttal expert report (Doc. No. 66).   Thomas opposes both motions. Doc. Nos. 67-68.

Upon review of the parties' filings and the relevant legal authority, the Court will grant both of Premise Health's motions in their entirety.

## II.   THE MOTION TO COMPEL

Under Federal Rule of Civil Procedure 26(a)(2), a party is required to disclose to the opposing party the identity of any expert witness it may use at trial to present evidence and "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B).   Relevant to the motions before the Court, the expert's written report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data *considered* by the witness in forming them;[2] and (iii) any exhibits that will be used to summarize or

---

[2] Prior to 2010, Rule 26(a)(2)(B) required disclosure of "the data or other information considered" by the expert witness.   However, in 2010, the Rule was amended to only require disclosure of "the facts or data considered."   According to the Advisory

support them.   Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii) (emphasis added).   *See also* Doc.
No. 43, at 4 (directing the parties to "fully comply with Federal Rule of Civil
Procedure 26(a)(2) and 26(e).").   "The purpose of Rule 26(a)(2) is to provide the
opposing party a reasonable opportunity to prepare effective cross-examination
and decide whether to arrange the party's own expert testimony."   *Vercher v. Omni
Hotels Mgmt. Corp.*, No. 3:20-cv-1388-MMH-PDB, 2022 WL 1555518, at *3 (M.D. Fla.
May 17, 2022) (citing *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344,
1361–62 (11th Cir. 2008)).   *See also Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071,

---

Committee Notes:

 Rule 26(a)(2)(B)(ii) is amended to provide that disclosure include all "facts or data considered by the witness in forming" the opinions to be offered, rather than the "data or other information" disclosure prescribed in 1993.   This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports.   The amendments to Rule 26(b)(4) make this change explicit by providing work-product protection against discovery regarding draft reports and disclosures or attorney-expert communications.

 The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel.   At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients.   The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

Fed R. Civ. P. 26 advisory committee notes, 2010 amendments.

 Here, neither side has suggested that any of the material sought involves attorney-expert communications, draft expert reports, or attorney work-product, therefore the Court does not find that the amendment changes the analysis in this case.

1122 (D. Colo. 2006) ("The purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial." (citations omitted)).

"Courts have defined the term 'considered' broadly to include materials that an expert reviews, reflects upon, reads, and/or uses." *Sher v. Raytheon Co.*, No. 8:08-cv-889-T-33AEP, 2010 WL 11507787, at *1 (M.D. Fla. Aug. 13, 2010) (collecting cases). *See also In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 6504419, at *3 (N.D. Fla. Nov. 5, 2020) (same); *Friebel v. Paradise Shorts of Bay Cty.*, LLC, No. 5:10-cv-120-RS-EMT, 2011 WL 2420230, at *1 (N.D. Fla. June 13, 2011) ("facts or data" is "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients"). "In some cases, disclosure under Rule 26(a)(2) may be required whether or not the document is otherwise privileged and regardless of whether the expert expressly relied upon the document in formulating his or her opinion." *Sher*, 2010 WL 11507787, at *1 (citing *Amway Corp. v. Procter & Gamble Co.*, No. 1:98CV726, 2001 WL 1877268, at *1 (W.D. Mich. Apr. 17, 2001); *Simon Prop. Group L. v. mySimon, Inc.*, 194 F.R.D. 644, 646-47 (S.D. Ind. 2000); and *Johnson v. Gmeinder*, 191 F.R.D. 638, 645-47 (D. Kan. 2000)). Further, "[s]uch data or other information need not be the principle basis for the expert's decision, it is sufficient that the expert 'considered'

the information."   *State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, No. 6:06-cv-1757-Orl-GJK, 2008 WL 11342611, at *2 (M.D. Fla. Aug. 18, 2008) (citing Fed. R. Civ. P. 26, advisory committee notes to the 1993 amendments).

In determining what materials an expert actually considered in forming her opinion, courts generally apply an objective test.   *Sher*, 2010 WL 11507787, at *1; *Emps. Committed for Justice v. Eastman Kodak Co.*, 251 F.R.D. 101, 104 (W.D.N.Y. 2008); *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 1:05CV80, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007) (footnotes omitted).   Under this objective test, an expert's testimony under oath that she did not actually consider certain materials in forming her opinion is not controlling.   *Sher*, 2010 WL 11507787, at *1 (citing *Euclid*, 2007 WL 1560277, at *4).   But an expert's representation that she did not receive, read, review, or author a document will negate discovery absent persuasive evidence to the contrary.   *Id.   See also In re 3M*, 2020 WL 6504419, at *3.   "[A]ny ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking disclosure."   *Eastman Kodak*, 251 F.R.D. at 104 (alteration in original) (quoting *B.C.F. Oil Ref., Inc. v. Consol. Edison Co. of N.Y.*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997)).   *See also Euclid*, 2007 WL 1560277, at *4; *In re 3M*, 2020 WL 6504419, at *3.

Here, Thomas argues that Connor did not review or consider the entirety of the hard drive forensic image, but rather only reviewed a small portion of the

forensic image in order to locate and analyze the two emails and spreadsheets at issue in this case.   Doc. No. 67, at 2.   In support of this contention, Thomas provides an affidavit from Connor, in which he avers that "[d]uring the performance of my above-referenced computer forensic service for Ms. Thomas or for the preparation of my report, I did not review nor consider any of the other content or emails that are on the image of [Ms.] Thomas' personal computer laptop that I made."   Doc. No. 67-1, ¶ 11.   Connor further avers that "[t]he hard drive is a 500 GB hard drive.   I did not review or consider 500 GBs of data.   I reviewed and considered a few bytes of data that indicated one of the spreadsheets had been opened."   *Id.*, ¶ 13.   Connor goes on to aver that he was hired to perform the limited analysis concerning the two emails and spreadsheets discussed above, and that in his nearly 17 years providing expert witness services, he "cannot recall any other case in which I have been asked to or compelled to provide an entire computer image that I made of a computer solely because I imaged it and conducted some analysis of a few bytes of data on the image."   *Id.*, ¶¶ 3, 15.

However, as the applicable legal authority provides – the expert's own testimony as to what he or she considered is not, by itself, controlling.   *Sher*, 2010 WL 11507787, at *1; *Euclid*, 2007 WL 1560277, at *4.   And even if it were, Connor's own testimony makes clear that he did, in fact, consider the hard drive forensic image.   What Thomas seeks to do is prevent disclosure of the entire forensic image

- 8 -

on the basis that her expert only considered a portion of it – a contention for which she has presented no legal authority in support.

Moreover, Connor's affidavit is directly contradicted by the words of his own expert report.   As previously noted, Connor clearly and unequivocally stated in his report that he "[e]xamined and analyzed hard drive forensic image to determine if there is any data related to the two emails."   Doc. No. 65-1, at 4.   This statement is not qualified in any manner – thus it can only be interpreted to mean that Connor considered the entire forensic image.   It simply defies logic to say that Connor did not consider the entire forensic image in order to search for and locate the data related to the two emails and spreadsheets at issue.   *See, e.g., Sporting Products, LLC v. Pacific Ins. Co., Ltd.*, No. 10-80656-CIV-MARRA/JOHNSON, 2011 WL 13227802, at *2 (S.D. Fla. Oct. 13, 2011) ("[T]he expert witness disclosures required by Federal Rule of Civil Procedure 26 encompass any facts or data *considered* by an expert in forming his or her opinions, and not merely facts or data *relied upon* by the expert." (emphasis in original)).   To be sure, Connor may not have opened and read every single email on the forensic image, but he clearly considered the entire image in order to "carve out and to provide details" about those two emails and spreadsheets.   Doc. No. 67-1, ¶ 12.   And while Connor may not have been retained to review the entire image and all 35,000 emails contained therein, the scope of the expert's engagement is not determinative of what is to be disclosed

under Fed. R. Civ. P. 26(a)(2)(B), and Thomas notably provides no legal authority to support such an assertion.[3]   *See In re Pioneer Hi-Bred Int'l Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001) (Rule 26(a)(2) "proceeds on the assumption that fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony").   *See also In re 3M*, 2020 WL 6504419, at *4 (compelling production of audio and video recordings that expert generated in connection with the formulation of his opinions).

Thomas raises one other argument in opposition to the motion to compel – that the hard drive forensic image contains 294 attorney-client emails between Thomas and her attorney.   Doc. No. 67, at 2.   Not only does Thomas fail to support this assertion with any legal authority or a privilege log, but Rule 26(a)(2)'s disclosure requirements do not provide an exception for allegedly privileged materials.   *See Weaver v. Lexington Ins. Co.*, No. 8:05-cv-1913-T-27TBM, 2006 WL 3147655 (M.D. Fla. Nov. 1, 2006) ("Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions-whether or not ultimately relied upon by the expert-are

---

[3] The lone decision cited by Thomas, *Amway Corp. v. Procter & Gamble Co.*, No. 1:98CV726, 2001 WL 1877268, at *1 (W.D. Mich. Apr. 17, 2001), is distinguishable on its face.   In *Amway*, the expert witnesses "never read, reviewed or considered the subject documents" in any fashion.   *Id.*   In contrast, Connor admits that he "examined and analyzed" the hard drive forensic image.   Doc. No. 65-1, at 4.

privileged or otherwise protected from disclosure. . . ." (quoting Fed. R. Civ. P. 26, advisory committee notes, 1993 amendments)).   *See also Suppa v. Costa Crociere S. p. A.*, No. 07-60526-CIV-COHN/SELTZER, 2008 WL 11401796, at *2 (S.D. Fla. Mar. 7, 2008) (collecting cases and noting that "[a] majority of courts have held that [Rule 26(a)(2)(B)] requires disclosure of all materials (including those that are privileged) that have been provided to a testifying expert, whether or not the expert actually relied on the materials to form an opinion.").

In sum, Connor states in his own expert report that he "examined and analyzed" the hard drive forensic image.   Rule 26(a)(2) mandates that when a party provides an expert report, the party must also disclose "the facts or data considered by the witness in forming" his expert opinions.   Fed. R. Civ. P. 26(a)(2)(B)(ii). Clearly, Connor considered the forensic image to some extent, and Thomas has provided no legal authority even suggesting that in such circumstances, disclosure is not required.   Accordingly, the motion to compel will be granted.

However, despite the lack of evidence in support, the Court is also cognizant of the potential attorney-client privileged emails on the forensic image, and notes the parties' apparent failure to enter into a confidentiality agreement in this case. *See* Doc. No. 67, at 2; Doc. No. 65-2, at 2.   The Court will therefore require the parties to designate the forensic image "attorney's eyes only," direct counsel for Thomas to provide a privilege log to counsel for Premise Health addressing the 294

emails mentioned in Thomas' response, and preclude counsel for Premise Health from considering or reviewing any emails listed on that privilege log unless or until the Court orders otherwise. *See Sporting Products*, 2011 WL 13227802, at *3 (compelling production of data and facts relied upon by expert, with the exception of materials protected by attorney-work production or other privilege, and directing production of a privilege log).

Premise Health also seeks sanctions under Federal Rule of Civil Procedure 37(a)(5). Doc. No. 65. Rule 37(a)(5) provides that when, as here, a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." While the Rule permits the Court to decline to award payment to the movant under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Thomas has failed to address the issue of sanctions in her response. Doc. No. 67. Thus, by virtue of her failure to even mention the issue of sanctions, and given Thomas' failure to provide any persuasive legal authority to support her position, the Court finds that Thomas has not presented any information or argument suggesting that any of the circumstances that would preclude an award of sanctions exist here.

### III.   THE MOTION TO EXTEND REBUTTAL DISCLOSURE DEADLINE

Premise Health next seeks an additional 30-day extension of its rebuttal expert disclosure deadline, based entirely on Thomas' refusal to provide a copy of the hard drive forensic image.   Doc. No. 66.   Almost the entirety of Premise Health's motion and Thomas' response consist of a recitation of their meet and confer efforts, which largely involve accusations that the other side refused to cooperate or agree to "reasonable" compromises.   *Id.   See also* Doc. No. 68.

Rule 26(a)(2)(D)(ii) provides that a party shall have 30 days to submit a rebuttal expert report from the date that the party receives the opposing party's expert report.   Here, Thomas submitted her expert report on December 12, 2022, thereby making the rebuttal expert deadline January 11, 2023.[4]   However, given that the Court has now ordered production of the entire hard drive forensic image, the Court finds Premise Health's motion well taken.   Accordingly, the Court will extend Premise Health's expert disclosure deadline by 30 days from the date of production of the hard drive forensic image.   *Cf. Easterwood v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 6:19-cv-700-WWB-LRH, 2021 WL 2805923, at *5 (M.D. Fla.

---

[4] Because these deadlines are within the deadlines set forth in the CMSO and Rule 26(a)(2)(D)(ii), the Court is at a loss as to Thomas' representations that Premise Health already received an extension of the rebuttal expert disclosure deadline.   *See* Doc. No. 68, at 2.

Mar. 17, 2021) (extending expert disclosure deadline until opposing party completed document production).

**IV.   CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** as follows:

1.      Premise Health's Motion to Compel (Doc. No. 65) is **GRANTED**.   On or before **February 21, 2023**, Thomas shall provide Premise Health with a complete copy of the hard drive forensic image that was "examined and analyzed" by Richard D. Connor, Jr. in preparing his expert report in this case.   The entire hard drive forensic image is designated "attorney's eyes only."   By this same deadline, Thomas shall also provide to Premise Health a privilege log relating to the aforementioned 294 attorney-client emails in the form required by my *In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LHP, Doc. No. 1 (June 17, 2019), available at [https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs](https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs).   Any emails listed on this privilege log may not be used, reviewed, or considered by Premise Health's counsel absent a Court order to the contrary.

2.      Premise Health's Motion to extend the deadline to submit an expert rebuttal report (Doc. No. 66) is **GRANTED**.   Premise Health shall serve Thomas with a copy of its expert rebuttal report within **30 days** of receipt of the hard drive forensic image.   **No other deadlines are extended by this Order and no party may**

use this Order as a basis for seeking an extension of any remaining deadlines – including the discovery, dispositive motions, *Daubert* motions, and/or trial deadlines.

3. On or before **February 21, 2023**, counsel for Premise Health and counsel for Thomas shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Premise Health for the filing of the motion to compel only. The parties shall file a joint notice of the amount agreed upon by **5:00 p.m. on February 23, 2023.** If the parties are unable to reach an agreement by that time, counsel for Premise Health shall file a motion, supported by appropriate documentation, for its reasonable fees incurred in filing the motion to compel only. That motion, if necessary, shall be filed by **February 28, 2023.**

4. **Thomas is cautioned that failure to comply with this Order may result in sanctions, up to and including entry of default against her.** *See* Fed. R. Civ. P. 37(b)(2).

DONE and ORDERED in Orlando, Florida on February 13, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties